NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KENNETH LEANDER BRANDY, *Appellant.*

No. 1 CA-CR 18-0176
FILED 8-13-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-126834-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

**H O W E**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Kenneth Leander Brandy has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Brandy was convicted of one count of robbery, a class 4 felony. Brandy was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Brandy's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Brandy. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). One afternoon in June 2017, J.A., a loss prevention officer at a Phoenix grocery store, observed Brandy select two bottles of alcohol from the store's liquor department. Brandy then wandered into the laundry-detergent aisle, placed the bottles into his backpack, and proceeded through an area of registers toward the exit without paying for the items.

¶3        As Brandy left the grocery store, J.A. stopped him, grabbed the backpack, and demanded that Brandy return the bottles. While they were struggling over the backpack, Brandy insisted that the bottles were his and bit J.A. on his right thumb, causing the bottles to slide out and one to shatter. Brandy subsequently strode up to a blue bicycle and removed a chain lock that was fastened to it. He then raised the lock and forcefully struck J.A. with it several times before riding off westbound on the bike. Meanwhile, K.H., a customer-service manager, noticed the altercation and called the police. He described the situation as "physical" and noted that J.A. suffered injuries to his neck and both arms during the confrontation.

¶4        A Phoenix Police Department officer arrived a short time later in response to a dispatch reporting the fight. With a description of Brandy and the direction he was heading, another officer circulated the area and spotted Brandy standing next to a blue bicycle. The officer stopped him and observed that he had a backpack and a chain lock matching the description given by witnesses. During the interaction, the officer was also told by Brandy that he had just left a nearby grocery store. The officer then arrested Brandy after J.A. and K.H. identified him as the perpetrator.

¶5          A grand jury indicted Brandy on one count of robbery, a class 4 felony. At trial, the jury heard testimony from several witnesses and received exhibits. J.A., K.H., and the two officers recounted their version of what had taken place. A surveillance video from inside the grocery store was also played for the jury, showing Brandy enter the liquor department and remove two bottles of alcohol from a shelf. Seconds later, the video showed Brandy proceed to the laundry-detergent aisle—the aisle in which J.A. observed Brandy put the liquor bottles in his backpack.

¶6          After a four-day trial, the jury found Brandy guilty as charged and that the State proved, as aggravating factors, that the victim suffered physical harm and that Brandy committed the offense in anticipation of gaining something of pecuniary value. The trial court conducted the sentencing hearing in compliance with Brandy's constitutional rights and Arizona Rule of Criminal Procedure 26. The court found that Brandy had two historical priors, which placed him in category three of the repetitive sentencing scheme. It sentenced Brandy to a maximum term of 12 years' imprisonment, with 265 days' presentence incarceration credit. Brandy timely appealed.

## DISCUSSION

¶7          We review Brandy's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Brandy has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Brandy at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Brandy's conviction and sentence.

¶8          Upon the filing of this decision, defense counsel shall inform Brandy of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Brandy shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶9        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA